**Candice BRILZ, Plaintiff—Appellant,**

v.

**METLIFE AUTO & HOME, aka Metropolitan General Insurance Company, dba MetLife Auto and Home; et al., Defendants—Appellees.**

No. 05–36224.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 17, 2007 *.

Filed Oct. 19, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Rex Palmer, Esq., Missoula, MT, for Plaintiff–Appellant.

Fred Simpson, Esq., John E. Bohyer, Esq., Phillips & Bohyer, P.C., Missoula, MT, for Defendants–Appellees.

Before: D.W. NELSON, BEAM **, and RYMER, Circuit Judges.

MEMORANDUM ***

Candice Brilz appeals from the district court's order denying her partial summary judgment and granting summary judgment to Metlife. We affirm.

■ The district court did not err when it found Brilz' claim time-barred. Brilz was injured in a 1998 car accident involving a driver insured by MetLife. On January 8, 2001, Metlife offered $25,000 in satisfaction of Brilz' claims against Metlife's insured. On February 2, 2001, Brilz' attorney unconditionally accepted this offer. Under Montana law, a settlement agreement is valid and enforceable where the elements of a contract—offer, acceptance, and consideration—are present. *See, e.g., Hetherington v. Ford Motor Company*, 257 Mont. 395, 849 P.2d 1039, 1042 (1993). Though Brilz argues this agreement did not resolve her underlying claim, the district court properly held that the settlement started the clock for Brilz to file a claim under Montana's Unfair Trade Practices Act ("UTPA"). The UTPA mandates that an action by a third-party claimant must be commenced "with-

** The Honorable C. Arlen Beam, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

in 1 year from the date of the settlement of ... the underlying claim." M.C.A. § 33–18–242(7)(b). When Brilz filed her third-party suit against Metlife on February 7, 2002, her allegations of violations of the UTPA were thus time barred.

█ Brilz argues further that she raised a common law claim of bad faith against Metlife, which would allow for a three-year statute of limitations. However, under the terms of notice pleading, the Federal Rules of Civil Procedure require "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2). Brilz' complaint explicitly alleged that MetLife violated the UTPA, but made no mention of any common law claim. Her complaint provided the court and defendant ample notice of the statutory claim, but no meaningful notice of any purported common law claim. Nor does she point to anything in the record that would support any such claim. Because Brilz did not set forth a claim for common law bad faith, she could not avail herself of the common law three year statute of limitations.

For the foregoing reasons, the district court properly held Brilz' claim was time-barred, and the court's order of summary judgment for Metlife is hereby AFFIRMED.